UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRANCE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:19-cv-00444-GCS |
| | ) |
| JONATHAN DYE and KYLE HUGHEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Terrance Johnson is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently housed at Hill Correctional Center. On April 24, 2019, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Dye and Hughey retaliated against him and denied him due process during a tobacco trafficking investigation at Menard Correctional Center ("Menard") in violation of the First, Fifth, and Fourteenth Amendments. (Doc. 1). Plaintiff prays that the Court grant him equitable and injunctive relief; however, his initial complaint does not name either Warden Anthony Wills or IDOC Acting Director Rob Jeffreys as defendants in their official capacities in order to effectuate that relief. Now before the Court is Plaintiff's motion for leave to file an amended complaint adding Warden Wills and Mr. Jeffreys. (Doc. 102). For the reasons delineated below, Plaintiff's motion for leave to amend is **GRANTED**.

## BACKGROUND

Plaintiff alleges that Defendants Hughey and Dye issued Plaintiff a disciplinary report predicated on insufficient facts, false statements, and information from unknown confidential informants during an investigation of tobacco trafficking at Menard. (Doc. 14, p. 2). On August 8, 2019, the Court screened Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff put forward cognizable claims against Defendants Hughey and Dye. (Doc. 14, p. 2-3). Plaintiff also named then-Warden Lashbrook and then Acting Director of the IDOC Baldwin as defendants in their personal capacities. *Id.* at p. 3-4. However, the Court dismissed Plaintiff's claims against Ms. Lashbrook and Mr. Baldwin without prejudice because there were no claims against them. *Id.* at p. 10. Defendants timely answered Plaintiff's complaint, and on November 8, 2019, the Court entered a scheduling order pending determination of whether Plaintiff exhausted his administrative remedies. (Doc. 22). The initial scheduling order mandated that Plaintiff file for leave to amend his complaint on or before February 10, 2020, if at all. *Id.* at p. 3. During the pendency of this deadline, the statute of limitations on Plaintiff's retaliation claims expired on December 11, 2020. (Doc. 102, p. 4n.1).

On February 11, 2020, Plaintiff moved for appointment of counsel, noting the difficulties of representing himself at hearings pertaining to confidential information regarding the investigation underlying his complaint. (Doc. 37). The Court granted this motion on February 20, 2020. (Doc. 40). When doing so, the Court did not provide an extension of the deadline by which Plaintiff could amend his complaint through counsel. *Id.* Plaintiff's appointed counsel entered their appearances on March 2, 2020. (Doc. 41, 42).

After reviewing Plaintiff's initial complaint, Plaintiff's counsel noted that Plaintiff requests both equitable and injunctive relief. (Doc. 102, p. 7). Specifically, Plaintiff prays that the Court issue an order requiring the defendants to expunge the remaining charge related to the investigation from his disciplinary record. *Id.* at p. 8. Plaintiff therefore moved for leave to add Warden Wills and Mr. Baldwin to the complaint solely for the purpose of effectuating Plaintiff's claim for equitable relief should he succeed at trial. *Id.*

## ANALYSIS

Plaintiff moves for leave to amend under Federal Rule of Civil Procedure 21, which states that the Court may, on motion or *sua sponte*, add or drop a party on just terms. (Doc. 102, p. 8). However, because Rule 21 does not provide the standard used to consider whether joinder is proper, courts instead use the standard outlined in Federal Rule of Civil Procedure 20(a). *See Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 22848968, at *4 n.1 (N.D. Ill. Dec. 1, 2003). Rule 20(a) permits joinder of defendants if the plaintiff asserts any right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Moreover, because Plaintiff requests leave to amend via motion, the Court must consider whether Plaintiff has demonstrated good cause to amend pursuant to the standards outlined by Federal Rules of Civil Procedure 15(a) and 16(b), which govern amended pleadings and scheduling respectively. Lastly, the Court must evaluate whether Plaintiff's proposed amendment "relates back" to his initial complaint pursuant to Rule 15(c) because the statute of limitations has expired on Plaintiff's claims. Accordingly, in order to be granted leave to amend his complaint, Plaintiff must show that: (i) he has

good cause to amend; (ii) the proposed amendment "relates back" to his initial complaint sufficiently to avoid the statute of limitations; and (iii) Plaintiff alleges a right to relief against the proposed parties arising out of the same transactions, occurrences, or series of transactions or occurrences as those underlying the claims for relief against Defendants Hughey and Dye. Plaintiff's claims against Warden Wills and Mr. Jeffreys arise from the same tobacco trafficking investigation which resulted in a charge upheld by the IDOC Administrative Review Board; this charge currently remains on Plaintiff's disciplinary record. (Doc. 102, p. 7). Plaintiff's alleged right to relief against these new proposed defendants does arise out of the same transaction or occurrence as that against Defendants Hughey and Dye. Accordingly, Plaintiff has met the third requirement, and the Court now turns to the first and second requirements.

I. **Whether Plaintiff has Good Cause to Amend**

A motion for leave to amend a complaint is generally evaluated under Federal Rule of Civil Procedure 15(a)(2). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under that standard, courts should freely grant a moving party leave to amend a pleading when justice so requires. *See* FED. R. CIV. PROC. 15(a)(2). However, there is "some tension" with this rule and Federal Rule of Civil Procedure 16, which governs scheduling orders. *Alioto*, 651 F.3d at 719. Rule 16 mandates that courts set a deadline for filing amended pleadings in a scheduling order as soon as practicable. *See* FED. R. CIV. PROC. 16(b)(2) & 16(b)(3)(A). When that deadline expires, a party can only file an untimely, amended pleading by demonstrating good cause to modify the scheduling order. *See* FED. R. CIV. PROC. 16(b)(4). When considering an untimely motion to amend a complaint,

courts must apply a two-step analysis by first considering the standard outlined in Rule 16(b)(4) before then applying the more lenient standard under Rule 15(a)(2). *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (internal citations omitted). Plaintiff requests leave to amend his complaint more than one year after the deadline outlined in the initial scheduling order. *See* (Doc. 22, p. 3). The Court must therefore consider whether Plaintiff demonstrates good cause to modify the scheduling order to allow for the untimely filing of an amended complaint before applying the more lenient standard outlined under Rule 15(a)(2).

While the "good cause" standard is more stringent than that outlined in Rule 15(a)(2), it is also intended to provide parties more freedom to modify a scheduling order as litigation progresses and the parties discover more information about the case. *See, e.g.*, FED. R. CIV. PROC. 16, advisory committee's note on 1983 amendment (noting that the "good cause" standard is more appropriate than either a manifest injustice or a substantial hardship test because a scheduling order is entered early in the litigation). The primary consideration for determining whether good cause exists is the moving party's diligence in seeking amendment. *See Alioto*, 651 F.3d at 720 (internal citations omitted). However, delay alone is not a sufficient reason to deny a proposed amendment; in order to defeat an untimely motion to amend, the non-moving party must show that a lack of diligence is coupled with another reason for denial, such as prejudice to the non-moving party. *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-791 (7th Cir. 2011). This showing is especially necessary where a grave inequity could result if a pleading is not allowed to be amended. *See King v. Kramer*, 763 F.3d 635, 644 (7th Cir. 2014). For

instance, in *King*, the plaintiff moved to amend its jury instructions to include the proper "objectively reasonable" standard, rather than the "deliberate indifference" standard previously used in all pleadings and motions in the case six weeks before trial. *Id.* at 638. The Court and non-moving party were both aware that the "objectively reasonable" standard was the correct standard for the case, whereas the "deliberate indifference" standard required the plaintiff to meet too high a burden of proof. *Id.* Nevertheless, the Court denied the motion to amend because the plaintiff failed to demonstrate good cause for an untimely amendment. *Id.* In rebuking the district court, the Seventh Circuit Court of Appeals found that requiring a party to proceed on an inaccurate standard is an "extraordinary remedy" and "fundamentally wrong." *Id.* at 645. When the defendants failed to show any prejudice from allowing the amendment, and when the plaintiff faced significant prejudice from proceeding on the original complaint, the plaintiff demonstrated good cause to amend despite the untimely request. *Id.*

Plaintiff asserts that the Court must evaluate his motion for leave to amend under the lenient standard applied to *pro se* filings. (Doc. 102, p. 8). Courts must take appropriate measures to permit the adjudication of *pro se* claims on their merits, including by allowing necessary amendments to a complaint. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556-557 (7th Cir. 1996). However, Defendants note that Plaintiff has been represented by counsel for approximately one year and has had access to the original complaint since that time. (Doc. 104, p. 2). Though the deadline for amending Plaintiff's complaint had already passed when counsel entered their appearance, Plaintiff still did not move to amend his complaint through counsel prior to the filing of the instant motion. Plaintiff

further admits that the only reason to add Warden Wills and Mr. Jeffreys is to effectuate injunctive relief, which Plaintiff requested in his initial complaint. (Doc. 102, p. 8). Unlike situations in which a party does not know of a need to amend until after the discovery process has begun, in this case, Plaintiff and his counsel could have recognized the need to amend the complaint as soon as counsel received Plaintiff's complaint in March 2020.

Though an argument could be made that Plaintiff's delay in seeking to amend is unjustified, good cause nevertheless exists to amend the complaint. The warden of a prison is a proper defendant, in his or her official capacity, for a plaintiff seeking injunctive relief because the warden is responsible for ensuring that any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (internal citations omitted). In fact, on many occasions, courts in this district have *sua sponte* added the warden of a particular facility to a matter when injunctive relief is requested. The IDOC director is also an appropriate defendant when a plaintiff requests injunctive relief to expunge a disciplinary action from their record or to proscribe future violations of constitutional rights. *See Parker v. Baldwin*, Case No. 18-cv-1122-NJR, 2018 WL 3009258, at *5 (S.D. Ill. Jun. 15, 2018) (internal citations omitted). Warden Wills and Mr. Jeffreys are the officials responsible for effectuating Plaintiff's requested injunctive relief should Plaintiff succeed in this case. Accordingly, denying Plaintiff the opportunity to amend his complaint to reflect the proper defendants would amount to a fundamental wrong. As Defendants offer no contrary assertions of prejudice, the Court finds that good cause exists to permit Plaintiff to file his amended complaint despite Plaintiff's delay.

As good cause exists under Rule 16(b)(4), the Court now turns to the more lenient standard under Rule 15(a)(2). A court may deny leave to file an amended complaint under Rule 15(a)(2) because of: (i) undue delay, bad faith, or dilatory motive on the movant's part; (ii) repeated failure to cure deficiencies by prior amendments; (iii) undue prejudice to the opposing party; or (iv) the proposed amendment's futility. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (internal citations omitted). Defendants point out that Plaintiff unduly delayed moving to amend after receiving counsel. (Doc. 104, p. 2). However, Defendants do not provide evidence of prejudice resulting from the proposed amendment. Furthermore, as these proposed defendants are the only ones capable of effectuating Plaintiff's requested relief, there is little doubt that the proposed amendments are not futile. As significant prejudice would otherwise result if Plaintiff were not permitted to amend his complaint, the Court finds that justice requires granting Plaintiff leave to amend under Rule 15(a)(2).

## II. Whether Plaintiff's Proposed Amendments "Relate Back" to his Original Complaint

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is the state's period for personal injury torts. *See Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, that period is two years. *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. Plaintiff concedes that the statute of limitations has expired on his claims, barring suits for the same allegations against new defendants. (Doc. 102, p. 9). However, Plaintiff also asserts that his proposed amendment is nevertheless timely under Rule

15(c), which permits in certain circumstances "relation back" of amendments to a complaint to the time the original complaint was filed. *Id.*

Under Federal Rule of Civil Procedure 15, an amended complaint against a newly-named defendant must meet three criteria in order to relate back to the initial complaint: (i) the claim against the newly-named defendant must have arisen out of the same transaction or occurrence set out in the original pleading; (ii) within the 90-day[1] period following the complaint's filing, the newly-named defendant must have received notice sufficient to avoid prejudice in defending the case on the merits; and (iii) within the same period, the newly-named defendant knew or should have known that the action would be brought against him, but for "a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010)(citing FED. R. CIV. PROC. 15(c)(1)(B) & (c)(1)(C)(ii)). The purpose of relation back is to permit amendments to the pleadings even after the statute of limitations has expired, so long as the opposing party is "not unduly surprised or prejudiced." *Hill v. Shelander*, 924 F.2d 1370, 1377 (7th Cir. 1991). As the claims against Warden Wills and Mr. Jeffreys arise out of the same transactions and occurrences as those against Defendants Hughey and Dye, the Court finds that Plaintiff has met the first prong of the *Krupski* test. Accordingly, the Court now turns to the second and third prongs of the test respectively.

---

[1] When the Supreme Court decided *Krupski*, the period in which a party could effectuate service under Rule 4m was 120 days. However, this period was shortened in 2015 to ninety days. *See* FED. R. CIV. PROC. 4, advisory committee's note on 2015 amendment. When amending the rule, the advisory committee also noted that more time may be needed when, *e.g.*, a marshal is to make service in an *in forma pauperis* action. *Id.*

In order to show that the addition of newly-proposed defendants relates back to the original complaint, a plaintiff must demonstrate that those defendants received notice sufficient to avoid prejudice when deciding a case on the merits within the same time frame in which the plaintiff may effectuate service of process under Rule 4(m). *See Krupski*, 560 U.S. at 545. Typically, that time frame is within ninety days from the date on which the plaintiff filed the original complaint. *See* FED. R. CIV. PROC. 15(c)(1)(C). In applicable prisoner-plaintiff suits, the time frame begins when the district court grants the plaintiff's motion to proceed *in forma pauperis*. *See Stewart v. Special Adm'r of Estate of Mesrobian*, No. 13-1628, 559 Fed. Appx. 543, 547 (7th Cir. April 4, 2014) (internal citations omitted). However, this time frame must be extended when a party has good cause for untimely service; this good cause extension is also incorporated into the Rule 15(c) relation back rule. *See Keller v. United States*, No. 10-3545, 444 Fed. Appx. 909, 911 (7th Cir. Oct. 20, 2011)(citing Fed. R. Civ. Proc. 15(c), advisory committee notes on 1991 amendment). Good cause exists to toll the notice period during the pendency of a court's screening of a *pro se* complaint pursuant to 42 U.S.C. § 1915A because the delay in service is beyond the plaintiff's control. *Id*. Accordingly, the appropriate time frame in which the proposed defendants must have received notice under the *Krupski* test in order for Plaintiff's amendments to relate back to his original complaint is ninety days from the date on which the Court permitted Plaintiff to proceed pursuant to § 1915A. Here, that date is August 8, 2019. (Doc. 14).

A proposed defendant need not have received actual notice under Rule 15(c); instead, constructive notice suffices. *See, e.g.*, *Krupski*, 560 U.S. at 545 (noting that the

defendant did not object to a finding of constructive notice when the original defendant and proposed defendant shared counsel). *See also Norton v. Int'l Harvester Co.*, 627 F.2d 18, 21-22 (7th Cir. 1980)(holding that a new defendant may receive either formal or informal notice or that a sufficient identity of interests may exist between the new defendant and the original one to satisfy Rule 15(c)). A proposed defendant has constructive notice when actual notice is provided to an agent of that party or to a party who shares an identity of interest with the proper party. *See, e.g., Krupski*, 560 U.S. at 545 (finding an identity of interest because the proper defendant and original defendant shared counsel); *Woods v. Indiana Univ.- Purdue Univ.*, 996 F.2d 880, 888 (7th Cir. 1993)(holding that requisite notice of an action can be imputed to a new defendant through that defendant's attorney, when that attorney also represented the original parties) (internal citations omitted); *Moore v. Cuomo*, No. 14 C 9313, 2018 WL 4095101, at *8 n.8 (N.D. Ill. Aug. 28, 2018)(holding that when a prison official is added as a defendant, the relation-back requirements are satisfied if service of process was mailed to "the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency") (citing FED. R. CIV. PROC. 15(c)(2)); *Manskey v. Wiggs*, Case No. 3:16-CV-01368-MAB, 2020 WL 6701186, at *8 (S.D. Ill. Nov. 13, 2020)(noting that the Attorney General's Office possessed the information and knowledge necessary to identify the proper defendants, justifying the application of constructive notice when the Attorney General's office represented both the original and proposed defendants in a case) (internal citations omitted).

Plaintiff timely served Defendants Hughey and Dye on August 9 and August 12, 2019. (Doc. 16). Defendants Hughey and Dye are represented by the Illinois Attorney General's Office; pursuant to Illinois law, the Office will also represent the proposed defendants. (Doc. 102, p. 10). Defendant asserts that wardens and the IDOC cannot be open to an "endless possibility" of being added to suits by nature of common counsel. (Doc. 104, p. 3). However, this argument fails to address the strong identity of interests between the IDOC, as represented by Warden Wills and Mr. Jeffreys in their official capacities, and Defendants, who are employees of the IDOC. *See, e.g.*, *Staren v. Am. Nat. Bank & Tr. Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)(finding that a corporation received constructive notice under Rule 15(c) when the suit was originally filed against its president and a business associate). That identity of interests is underscored by the fact that Warden Wills has already interceded in this case in order to quash a subpoena for information relating to the tobacco investigation. (Doc. 57). By providing actual service to the proposed defendants' counsel, the Illinois Attorney General's Office, Plaintiff also provided constructive notice to the proposed defendants within the time frame outlined by Rule 4(m) sufficiently for the proposed defendants to avoid prejudice and intercede in this case.

Plaintiff likewise satisfies the third prong of the *Krupski* test. In order for an amendment adding new defendants to relate back to an original complaint, a plaintiff must show that the proposed defendant knew or should have known they were properly added, but for a mistake. *See Krupski*, 560 U.S. at 545. The Supreme Court has defined a "mistake" as including "inadequate knowledge." *Id.* at 549. Under this definition of

mistake, the proper Rule 15 analysis emphasizes what the *defendant* knew or should have known. *Id*. at 548 (emphasis added). This analysis correctly balances the defendant's interests protected by the statute of limitations with the Rules' preference for deciding cases on the merits. *Id*. at 550. It further avoids granting a windfall to a defendant who escaped liability due to a plaintiff's misunderstanding. *Id*. (citing FED. R. CIV. PROC. 15 advisory committee's 1966 note 12). Post-*Krupski*, whether a plaintiff's mistake is reasonable is not at issue. *Id*. at 549. Instead, the only time a court may consider a plaintiff's reasoning is when distinguishing between a mistake and a deliberate choice in which the plaintiff fully understands the factual and legal differences among strategic options. *Id*.

*Krupski* stands as the best example of a fact pattern supporting relation back. In that case, the defendant Costa Cruise told the plaintiff that the proper defendant was Costa Crociere, S.p.A three separate times. *See Krupski*, 560 U.S. at 540. Nevertheless, the plaintiff did not move to amend her complaint to include the proper defendant until Costa Cruise filed a motion for summary judgment. *Id*. The Court held that knowledge of a proper defendant's existence does not demonstrate absence of mistake. *Id*. at 548. Further, a plaintiff's delay in amending a complaint has no bearing on whether that plaintiff made a mistake in identifying the proper defendant. *Id*. at 553-554. Instead, the Court compared *Krupski* to *Nelson v. Adams U.S.A, Inc.*, in which there was no evidence indicating that a newly-named defendant was initially intended as a party, and evidence showed that the plaintiff sought to add the newly-named defendant because the previous defendant could not satisfy a potential judgment. *See Krupski*, 560 U.S. at 552 (citing to

*Nelson v. Adams U.S.A, Inc.*, 529 U.S. 460, 463-464 (2000)). The Court held that, unlike in *Nelson*, the plaintiff did not make a deliberate choice based on legal strategy.

There is no evidence that Plaintiff intentionally chose not to name Warden Wills or Mr. Jeffreys based on legal strategy. Though Plaintiff and his counsel may have known that Warden Wills and Mr. Jeffreys existed and were proper defendants in this case, that knowledge, on its own, is insufficient to demonstrate absence of mistake. Defendants assert that Warden Wills and Mr. Jeffreys could not know that they would be added to a complaint concerning a First and Fifth Amendment claim because counts regarding due process and the adjustment committee were dismissed during screening. (Doc. 104, p. 5). However, as Warden Wills and Mr. Jeffreys are still vital to effectuating relief for Plaintiff's remaining counts, this argument falls flat. All public officials are "presumed to know clearly established law." *Woods*, 996 F.3d at 887. Because Plaintiff's complaint includes prayers for injunctive relief, Warden Wills and Mr. Jeffreys knew or should have known that, but for a mistake listing those defendants personally responsible and omitting those responsible in their official capacities, they would have been named in the original complaint. As Warden Wills and Mr. Jeffreys received constructive notice of Plaintiff's complaint in the appropriate time frame, and because the proposed defendants knew or should have known that they were proper defendants but for a mistake, Plaintiff's proposed amendments relate back to his original complaint, and the statute of limitations does not bar amendment.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion for leave to amend (Doc. 102) is **GRANTED.** Plaintiff may file his amended complaint within fourteen days, on or before **August 25, 2021.**

**IT IS SO ORDERED.**

**DATED:  August 11, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.08.11 13:38:18 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**